36786. GATEWAY BOOKS, INC. et al. v. THE STATE.
36787, 36788. FIRST AMENDMENT ENTERPRISES, INC. et al. v. THE STATE (two cases).

JORDAN, Chief Justice.

The State of Georgia filed individual complaints against five business groups, each operating an adult book store with back-room booths for the presentation of adult mini-movies. Each complaint alleged that the particular business group had "knowingly . . . maintained [its] premises and the furniture, furnishings, fixtures and equipment located therein and the ground itself for the purpose of lewdness, assignation, sodomy, solicitation of sodomy, masturbation, and [other] acts of public indecency," and prayed "that the premises . . . and the furniture, furnishings, fixtures and equipment located therein and thereon be abated and padlocked as a nuisance."

In an order filed May 9, 1980 (following interlocutory hearings), the trial court found as a fact that forty-seven acts of public indecency had occurred in or around the mini-movie portions of the five premises since July 1, 1979, and granted the state an interlocutory injunction against the five premises intended to temporarily abate such acts.

On May 14, the trial court amended the granted interlocutory injunction so that the present version reads as follows: "The defendant operators . . . are hereby temporarily enjoined and restrained from showing or exhibiting, or permitting the showing or exhibiting, or (sic) any film, tape, or other image in any portion of their respective establishments where observers of such exhibitions are not visible from *outside* any cubicle, booth, or other enclosure. Specifically, no such exhibition shall be made or permitted by defendant operators unless they are so exhibited within areas where any person viewing the same might be seen in sufficient light to be observed from outside of such enclosure or cubicle, and be capable of

being observed without the necessity of an observer entering such booth or cubicle, or other enclosure."

On June 6, 1980, following a hearing on the state's petition for a citation of contempt against the five defendants, the trial court found as a fact that four of the five defendants had wilfully violated the May 14th interlocutory injunction and later assessed fines.

The trial court further found that, because of the four defendants' non-compliance with the May 14th interlocutory injunction, acts of public indecency had not been abated at their premises. Consequently, the trial court ordered the mini-movie portion of each premises closed to the public "until further order of court."

The affected defendants appeal the May 14th and the June 6th orders of the trial court. We affirm with direction.

1. Although the defendants do not challenge the trial court's finding of fact that forty-seven acts of public indecency had occurred in or around the mini-movie portions of the five premises since July 1, 1979, they nevertheless argue that the trial court was without statutory authority to grant the state an interlocutory injunction against said premises so as to temporarily abate such acts.

Code Ann. § 72-301 provides that: "Whosoever shall knowingly . . . maintain . . . any building . . . for the purpose of lewdness, assignation, prostitution, sodomy, the solicitation of sodomy or masturbation for hire shall be guilty of maintaining a nuisance. . ." Code Ann. § 72-302 provides that: "Whenever a nuisance is . . . maintained . . ., as defined in the preceding section, the solicitor general . . . may maintain an action in the name of the State . . . to perpetually enjoin said nuisance, the person or persons conducting or maintaining the same, and the owner or agent of the building upon which such nuisance exists. In such action, the court . . . shall, upon the presentation of a petition therefor alleging that the nuisance complained of exists, *order a temporary injunction . . .* if it shall be made to appear to the satisfaction of the court . . . that such nuisance does in fact exist." (Emphasis supplied.)

Accordingly, we hold that the trial court did have statutory authority to grant the state an interlocutory injunction against the defendants' premises so as to temporarily abate acts of public indecency.

2. Defendants argue that the May 14th interlocutory injunction violates their First Amendment rights.

The trial court's order does not violate the defendants' First Amendment rights if "it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression

of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." United States v. O'Brien, 391 U. S. 367, 377 (88 SC 1673, 20 LE2d 672) (1968).

The May 14th interlocutory injunction furthers the legitimate and substantial governmental interest of eliminating lewd, non-communicative conduct, and, the limitation of such conduct is unrelated to the suppression of free expression. People v. American Art Enterprises, Inc., 75 Cal. App. 3d 523, 531 (142 Cal. Rptr. 338, 342) (1978).

Further, the incidental restriction on the First Amendment which results from the May 14th interlocutory injunction is essential to the furtherance of a legitimate and substantial governmental interest. Ewap, Inc. v. Los Angeles, 97 Cal. App. 2d 179, 183, 189-90 (158 Cal. Rptr. 579, 581-82, 585-86) (1979).

Accordingly, we hold that the May 14th interlocutory injunction does not violate the defendants' First Amendment rights.

3. The appellants argue that the evidence did not authorize a rational trier of fact to find, by a preponderance, that they had wilfully violated the May 14th interlocutory injunction.

Having reviewed the record, we find this argument without merit.

4. The appellants argue that the June 6th closure order constitutes a greater restriction on First Amendment freedom than is essential either to eliminate lewd, non-communicative conduct or to compel compliance with the May 14th interlocutory injunction.

The state has established that the limited steps outlined in the May 14. interlocutory injunction are essential to eliminate lewd, non-communicative conduct. The state, however, has not established that closure of the mini-movie portions of the premises is also essential to eliminate lewd, non-communicative conduct. Accordingly, on the present facts, we hold that the June 6 closure order constitutes a greater restriction on First Amendment freedom than is essential to the achievement of this first legitimate state interest.

Regarding the second legitimate state interest (compelling the appellants' compliance with the injunction), we hold that the appellants' wilful violation of the injunction establishes that closure is essential to compel compliance, but that the June 6 closure order is nonetheless constitutionally excessive because it does not provide that compliance, once compelled, will permit the appellants to reopen the mini-movie portions of their premises.

Accordingly, we direct the trial court to amend its June 6th closure order to provide that compliance with the May 14th

interlocutory injunction will permit the appellants to re-open the mini-movie portions of their premises.

*Judgment affirmed with direction. All the Justices concur, except Gregory, J., not participating.*

Decided January 16, 1981.

*Glenn Zell,* for appellants.

*Hinson McAuliffe, Solicitor, Leonard Rhodes, Assistant Solicitor, Lewis R. Slaton, District Attorney,* for appellee.